ABRAHAM CHALEFF et al., Copartners under the Name of CHALEFF BROTHERS, Respondents, *v.* MAX ROSENBLATT et al., Doing Business under the Name of ROSENBLATT & BRYNDEL, Defendants, and JACOB BRIENDEL, Defendant-Appellant.

Supreme Court, Appellate Term, First Department, May 19, 1943.

*Joseph B. Franklin* for appellant.

*Abraham Chaice* for respondents.

*Per Curiam.* On the appeal from the order overruling the traverse appellant's sole point is that the finding of the referee is not based upon any credible testimony. We think the evidence sustains the referee's decision.

The order of the President Justice is not appealable as of course, and no permission to appeal has been given.

In view of the confusion existing below as to the practice in these traverse cases it is deemed advisable to state that whether the traverse is based expressly upon a motion to vacate a judgment for nonservice of process, or on the filing of a

special notice of appearance claiming nonservice, in either instance the President Justice is authorized (N. Y. City Mun. Ct. Code, § 7, subd. 10, par. f; L. 1915, ch. 279, as amd.) to direct a reference to hear and determine, although the order of the referee is appealable only where the relief asked is to vacate a judgment or final order for nonservice of process (N. Y. City Mun. Ct. Code, § 154, subd. 5).

Further, while a ruling by the referee to hear and determine sustaining or overruling the traverse may be regarded as necessarily granting or denying, as the case may be, the relief demanded in these cases, an adherence to rules of practice would suggest that the referee add to his decision a statement that the motion is granted or denied, in accordance with his finding on the traverse.

In our *per curiam* opinion in *Peppe* v. *Black* (7 N. Y. S. 2d 748) appears the statement that the referee appointed in that case to hear and determine the traverse " had no authority to vacate the judgment." There, however, although the referee overruled the traverse he gave defendant leave to answer, and in view of that fact the statement in the *per curiam* means that the referee having held that process was served could not in effect vacate the judgment by permitting defendant to answer.

Referee's order affirmed, with ten dollars costs.

Appeal from order of the President Justice dismissed.

SHIENTAG, ROSENMAN and McLAUGHLIN, JJ., concur.